IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF OREGON, et al.,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>*Defendants-Appellants*. | Nos. 25-6268, 25-7194 |

**DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Following the Supreme Court's denial of the federal government's application for a stay in *Trump v. Illinois*, No. 25A443 (U.S. Dec. 23, 2025), Defendants withdrew their request for a stay pending appeal in No. 25-7194 (permanent-injunction appeal) and agreed to dissolution of the partial administrative stay this Court previously granted. No. 25-7194, Dkt. No. 107. Defendants have since fully complied with the permanent injunction (Plaintiffs do not contend otherwise) and the mission in Oregon has ended. And following these intervening factual and legal developments, Defendants moved to dismiss their appeals in the permanent-injunction appeal, as well as the appeal in No. 25-6268 (preliminary-injunction appeal).

Plaintiffs do not oppose Defendants' motion to dismiss these appeals. Nor would there be any basis for opposition. Instead, Plaintiffs propose a highly unusual dismissal "with a remand to the district court for continued monitoring and enforcement of the district court's permanent injunction," Response at 8—*i.e.*, an indefinite remand not tied to any issue, to "monitor" Defendants' compliance with an injunction that Defendants have *already* fully complied with. That request has no basis either.

This is not complicated: Plaintiffs have received a permanent injunction, Defendants are bound by that permanent injunction, and Plaintiffs can seek relief from the district court if they believe in the future that Defendants are violating that injunction. This should have been a simple matter, requiring nothing more than a joint stipulation of dismissal followed by swift dismissal of the appeal—as occurred in the *Illinois* litigation. *Illinois et al. v. Trump*, No. 25-2798, ECF No. 42-1 (7th Cir. Jan. 22, 2026). This Court should decline Plaintiffs' unusual request and simply dismiss these appeals.

1. When an appellant seeks to dismiss its own appeal—thereby forfeiting the right to seek appellate relief from the order it previously appealed—such a motion "is generally granted." 16 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3988 (5th ed.) (collecting cases); *see also Albers v. Eli Lilly*

*& Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (though "not automatic," "[d]oubtless there is a presumption in favor of dismissal").

Although Plaintiffs make clear that they do not actually oppose dismissal of the appeals, they note that the Court has discretion to deny an appellant's motion to dismiss an appeal and point out various circumstances courts have suggested counsel against dismissal—all in support of their argument that this Court should remand instead of grant what they call an "unqualified dismissal." Response at 7. But the cases and considerations Plaintiffs discuss concern circumstances in which courts *decided* appeals on the merits notwithstanding appellants' motions to dismiss them. Plaintiffs do not oppose dismissal of these appeals. And as discussed further below, Plaintiffs' proposed remand is unnecessary and improper. Thus, much of Plaintiffs' discussion is simply immaterial. But even putting that aside, none of Plaintiffs' arguments are persuasive.

Initially, Plaintiffs invoke the supposed "extensive judicial and party resources that have been expended in these appeals to date." Response at 7. But this consideration is beside the point because, again, Plaintiffs are not asking this Court to decide the appeals. In any event, the argument has no merit. Merits briefing has not even begun in the permanent-injunction appeal. Even Plaintiffs acknowledge that "courts often grant motions to dismiss where the motion is filed before briefing and argument have concluded." Response at 7. And although the Court has not

decided this issue, the preliminary-injunction appeal is moot given the final judgment and permanent injunction (and since that TRO has in any event long since expired).[1]

Next, Plaintiffs assert that Defendants "have never disavowed the legal arguments they have made throughout these appeals." Response at 7. But there is no requirement that, in order to obtain dismissal of its own appeal, the federal government must admit that it was wrong or promise not to make the same or similar arguments in hypothetical future cases. And again, this assertion is a non-sequitur because Plaintiffs are not asking the Court to decide these appeals, and thereby generate new precedent. And contrary to Plaintiff's insinuation, *see* Response at 6 (citing case law addressing circumstances where the appellant "may be acting strategically," and to "manipulate the formation of precedent" (quotation marks omitted)), to the extent Defendants chose not to pursue this appeal because of an intervening Supreme Court decision that undercut its legal position, there is nothing wrong with that.[2] All that aside, to the extent the Court resolved the appeals on the

---

[1] And even putting both of those points aside, to the extent these appeals are controlled by the Supreme Court's decision in *Illinois*, the parties' supposedly "extensive" litigation on these appeals would be largely irrelevant, since the parties have never litigated the ground on which the Supreme Court's decision rested—the Court's holding "that the term 'regular forces' in § 12406(3) likely refers to the regular forces of the United States military," such that the President may not deploy the Guard unless he is unable with the standing military to execute the laws.

[2] *See United States v. Brenner*, 3 F.4th 305, 306 (6th Cir. 2021) (granting government motion to voluntarily dismiss appeal based on intervening adverse Supreme Court

4

basis of the Supreme Court's decision in *Illinois* (which, again, Plaintiffs are not asking the Court to do), that would not likely generate any meaningful new precedent distinct from *Illinois* itself. This is thus not a case where appellants are seeking "dismissal for the purpose of evading appellate determination of certain questions *in order to frustrate court orders in the continuing litigation*." *United States v. State of Wash., Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (emphasis added).

  2. Turning to Plaintiffs' request for remand, that request has no legal or practical basis. To be clear, Plaintiffs are not asking for an ordinary remand—such as, for example, a remand for the district court to resolve a distinct issue or claim. Instead, Plaintiffs appear to suggest a remand for the district court to retain jurisdiction (perhaps indefinitely) to monitor and enforce compliance with its own permanent injunction. Response at 8. There is no basis for granting that request. This is not an institutional reform case or some other litigation where compliance with an injunction is an ongoing and lengthy process. The district court's order bars Defendants from implementing Secretary Hegseth's memoranda federalizing and deploying the National Guard to Oregon, and from deploying members of any other State's National Guard to Oregon based on the same predicate conditions. Consistent

---

decision); *cf. American Auto Manufacturers Association v. Massachusetts Department of Environmental Protection*, 31 F.3d 18, 22–23 (1st Cir. 1994) (granting motion to voluntarily dismiss some claims on appeal over appellee's objection based on adverse decision from different court of appeals).

with that injunction, the federalizations and deployments have ended. Compliance is complete.

Relatedly, there is nothing for the district court to do now on remand. Plaintiffs state that they want to "ensure that plaintiffs have a ready mechanism to bring any *additional legal violations* to the district court's immediate attention." Response at 8 (emphasis added). To the extent Plaintiffs are worried about potential future violations that would *not* be covered by the permanent injunction, any such concern is utterly speculative—and in any event, Plaintiffs' remedy would be to file a new lawsuit. Plaintiffs cannot pre-select their district court judge and secure immediate en banc review for "any future litigation." Response at 9. If Plaintiffs are instead speculating that Defendants will *violate* the injunction, any such speculation is baseless. But putting that aside, the remand they request is similarly unnecessary and improper. Defendants are required to comply with the permanent injunction. If Plaintiffs believe in the future that Defendants are violating that injunction, Plaintiffs can seek relief from the district court. Every day, federal district courts issue permanent injunctions as part of final judgments and the underlying cases are terminated. No one thinks that means the enjoined party is free to violate the injunction and that the opposing party has no recourse.

There is thus no practical reason for Plaintiffs' request. And that request—an indefinite remand and retention of jurisdiction for the district court to "monitor" and

6

"enforce" its own permanent injunction absent any question that the Executive Branch has fully complied with the injunction—would represent a grave affront to the separation of powers and to the dignity of a coequal branch of government. This Court should roundly reject that proposal and simply dismiss these appeals.

        Respectfully submitted,

    BRETT A. SHUMATE
      *Assistant Attorney General*

    ERIC D. MCARTHUR
      *Deputy Assistant Attorney General*

    MARK R. FREEMAN
    SHARON SWINGLE
    J. KAIN DAY

    <u>/s/ Andrew M. Bernie</u>
    ANDREW M. BERNIE
      *Attorneys, Appellate Staff*
      *Civil Division*
      *U.S. Department of Justice*
      *950 Pennsylvania Avenue NW*
      *Washington, DC 20530*
      *(202) 514-3511*
      *andrew.bernie@usdoj.gov*

February 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rules 27-1(d) and 32-3 because it contains 1,250 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

*/s/ Andrew M. Bernie*
Andrew M. Bernie